**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02643-CMA-GPG

TRANSWEST EXPRESS, LLC,

    Petitioner,

v.

CROSS MOUNTAIN RANCH LIMITED PARTNERSHIP,
COLORADO CATTLEMENT'S AGRICULTURAL LAND TRUST,
NATURAL RESOURCES CONSERVATION SERVICE,
PUBLIC TRUSTEE OF MOFFAT COUNTY,
CENTURYLINK COMMUNICATIONS, LLC, and
MARATHON PETROLEUM COMPANY, LP

    Respondents.

---

**ORDER DENYING MOTIONS FOR ATTORNEYS' FEES**

---

This matter is before the Court on Respondents Cross Mountain Ranch Limited Partnership ("CMR") and Colorado Cattlemen's Agricultural Land Trust's ("CCALT") Motion for Attorneys' Fees (Doc. # 70) and Respondents [sic] CenturyLink Communications, LLC's Motion for Attorneys' Fees (Doc. # 71) (collectively, "the Motions"). For the reasons that follow, the Court denies the Motions.

### I.    BACKGROUND

On August 12, 2019, Petitioner TransWest Express, LLC ("TransWest") initiated the instant condemnation action in Moffat County District Court to obtain a transmission easement across private land. (Doc. # 2.) On September 16, 2019, Respondents CMR

and CCALT moved to dismiss on the basis that Petitioner requires Respondent Natural Resources Conservation Service's ("NRCS") consent to the condemnation. (Doc. # 10.) On the same day, NRCS removed the action to this Court. Thereafter, NRCS moved to dismiss on sovereign immunity grounds. (Doc. # 42.)

On November 25, 2019, TransWest moved to amend its complaint to assert additional claims against Respondent NRCS under the Administrative Procedure Act ("APA") and the Quiet Title Act. *See generally* (Doc. # 47). Respondents CMR and CCALT filed a brief in opposition. (Doc. # 56.) TransWest withdrew its Motion to Amend, (Doc. ## 60, 66), and moved the Court to stay the instant case for the duration of Civil Action No. 19-cv-3603 ("the APA case"), or in the alternative, to administratively close or dismiss this case without prejudice. (Doc. # 61.) Respondents CMR and CCALT objected to the motion insofar as it moved the Court to stay and/or administratively close the case. (Doc. # 64.) Instead, Respondents urged the Court to dismiss the case without prejudice.

On January 7, 2020, the Court granted TransWest's Motion (Doc. #68) to dismiss this action without prejudice and denied the Motion as to its request to stay or administratively close the case. Therein, the Court determined that "the most appropriate course of action [was] to dismiss the instant case without prejudice, preserving Petitioner's ability to refile this action if it has a basis to do so after the resolution of the APA case." (*Id.* at 2.) The Court also denied the pending motions to dismiss—i.e., Respondent Natural Resources Conservation Service's Motion to Dismiss

(Doc. # 42) and Respondents Cross Mountain Ranch Limited Partnership and Colorado Cattlemen's Agricultural Land Trust's Motion to Dismiss (Doc. # 10)—as moot.

Thereafter, Respondents filed the instant Motions for Attorneys' Fees. (Doc. ## 70–71.) In the first Motion, Respondents CMR and CCALT move the Court for an award of $88,388.00 in attorneys' fees on behalf of three law firms that have incurred attorneys' fees in this matter. In the second Motion, Respondent CenturyLink moves the Court for an award of $10,008.00 in attorneys' fees. (Doc. # 71 at 4.) TransWest responded in opposition to the Motions (Doc. ## 72–73), and Respondents replied (Doc. ## 75–76). Both Motions advance materially similar arguments and rely on the same legal authority to support those arguments. Therefore, the Court analyzes the Motions jointly herein.

## II.     ANALYSIS

In their Motions, Respondents primarily contend that they are entitled to attorneys' fees pursuant to Colo. Rev. Stat. § 38-1-122(1) because TransWest had no legal authority to condemn the property at issue in this case without NRCS's consent. (Doc. # 70 at 3); (Doc. # 71 at 2–3). Respondents CMR and CCALT secondarily argue that fees are recoverable under Colo. Rev. Stat. § 13-17-102(4) because TransWest's Petition lacked substantial justification and/or under *Denver & N.O.R. Co. v. Lamborn,* 8 P.582, 585 (Colo. 1885), a Colorado Supreme Court case from 1885. (Doc. # 70 at 4); (Doc. # 76 at 5). The Court addresses each argument in turn.

### A. COLO. REV. STAT. § 38-1-122(1)

As to Respondents' first argument, Colo. Rev. Stat. § 38-1-122(1) provides as follows:

> If the court finds that a petitioner is not authorized by law to acquire real property or interests therein sought in a condemnation proceeding, it shall award reasonable attorney fees, in addition to any other costs assessed, to the property owner who participated in the proceedings.

Although Section 122 makes mandatory an award of reasonable attorneys' fees "if the court finds that a petitioner is not authorized by law to acquire real property or interests therein sough in a condemnation proceeding," this Court made no such findings—i.e., when it dismissed Plaintiff's case, the Court did not address the merits of the case. Respondents have failed to cite to any precedent that supports awarding fees under Section 122 where there has been no determination on the merits.

The cases upon which Respondents rely to argue that Section 122 applies are inapposite. Although Respondents contend that Section 122 applies when a condemnation is dismissed "on any legal ground," (Doc. # 76 at 3), each case cited by Respondents concerns dismissal on the merits. For example, in *Platte River Power Auth. v. Nelson*, 775 P.2d 82, 83 (Colo. App. 1989), the Colorado Court of Appeals affirmed the trial court's grant of attorneys' fees under Section 122 where the trial court conducted a hearing on the petitioner's motion for immediate possession, made findings on the record, and then dismissed the action. The Court of Appeals explained that the trial court's "dismissal . . . on that basis constituted a final determination that [the petitioner], having failed to exercise its power to condemn in a manner consistent with the law, was 'not authorized by law' to proceed with condemnation." *Id.* at 83–84.

Likewise, in *Billington v. Yust,* 789 P.2d 196 (Colo. App. 1989), the Court of Appeals affirmed the trial court's partial grant of attorneys' fees where the trial court held a hearing on the petitioner's motion for immediate possession, made findings on the record, concluded that the condemnation action was brought in bad faith, and dismissed the action on that basis. *Id.* at 436. By contrast, this Court has made no determination on the merits in this case, including a determination of whether TransWest is authorized by law to acquire the property interest at issue. The Court declines to make such a determination now because the case has already been dismissed.[1]

Further, to the extent Respondents support their request for fees by referring to the intent of Colo. Rev. Stat. § 38-1-122(1) to "discourag[e] the filing of unauthorized condemnation claims," *Wilkinson v. Gaffney,* 981 P.2d 1121, 1123 (Colo. App. 1999), the Court has concluded that the plain language of the statute does not authorize an award of fees in this case and, thus, the Court does not consider the intent of the statute. *See Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1161 (10th Cir. 2011) (citation omitted) (only when the statutory language is ambiguous may the court look beyond the plain text and examine legislative intent); *see also Bd. of Cty. Comm'rs of Cty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, No. 08-CV-00855-LTB-KMT, 2011 WL 4915483, at *2 (D. Colo. Oct. 17, 2011) (under Colorado law, "statutory provisions in

---

[1] The Court rejects Respondents CMR and CCALT's contention that "[b]y dismissing the case rather than agreeing to stay it indefinitely, the Court necessarily made a determination that the case, as currently situated, could not proceed." (Doc. # 76 at 3.) Petitioner moved the Court, in part, to dismiss this case. Respondents did not object to that request. Therefore, the Court exercised its broad discretion to manage its own docket and dismissed the case without prejudice.

derogation of the American Rule [that each party bear its own fees] are strictly construed").

## B.     COLO. REV. STAT. § 13-17-102(4)

As to Respondents' position that fees are recoverable under Colo. Rev. Stat. § 13-17-102(4),[2] the following section places a limit on the Court's authority to award fees under Section 102(4):

> No attorney fees shall be assessed if, after filing suit, a voluntary dismissal is filed as to any claim or action within a reasonable time after the attorney or party filing the dismissal knew, or reasonably should have known, that he would not prevail on said claim or action.

Colo. Rev. Stat. § 13-17-102(5). In the instant case, after Respondents opposed TransWest's Motion to Amend, TransWest withdrew its Motion to Amend and moved the Court to stay, administratively close, or dismiss this case without prejudice. The Court construes Petitioners' Motion as one to voluntarily dismiss this case pursuant to Fed. R. Civ. P. 41(a)(2) filed "within a reasonable time after the attorney or party filing the dismissal knew, or reasonably should have known, that he would not prevail on said

---

[2] Section 102(4) provides as follows:

> The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under the Colorado rules of civil procedure or a designation by a defending party under section 13-21-111.5 (3) that lacked substantial justification. As used in this article, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

Colo. Rev. Stat. § 13-17-102(4).

claim or action." Therefore, the Court declines to award attorneys' fees under Section 102(4) pursuant to Section 102(5).

## C.     DENVER & N.O.R. CO. V. LAMBORN

Finally, the Court rejects Respondents' argument that it should award fees pursuant to *Denver & N.O.R. Co. v. Lamborn,* 8 P.582, 585 (Colo. 1885). "As a general rule, trial courts are without authority to award attorney's fees unless the right exists by contract or statute." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1091 (10th Cir. 1980); *see also Bunnett v. Smallwood*, 793 P.2d 157, 163 (Colo. 1990) (acknowledging general rule under Colorado law that "allows attorney fees and costs only where there is contractual agreement or the award is authorized by statute or rule"). Accordingly, the Court declines to award attorneys' fees in this case absent statutory or contractual authority to do so.

## III.     CONCLUSION

For the foregoing reasons, Respondents Cross Mountain Ranch Limited Partnership and Colorado Cattlemen's Agricultural Land Trust's Motion for Attorneys' Fees (Doc. # 70) and Respondents [sic] CenturyLink Communications, LLC's Motion for Attorneys' Fees (Doc. # 71) are hereby DENIED.

DATED:  September 8, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge